The defendant, Pov Pech, was convicted after a jury trial of two counts of possession of a large capacity weapon in violation of G. L. c. 269, § 10(m ). Following the entry of the guilty verdicts, the defendant was arraigned on the portions of the indictments alleging that he was a habitual offender, see G. L. c. 279, § 25. After a bench trial, the judge found the defendant guilty of being a habitual offender. On appeal the defendant contends that (1) the judge abused his discretion by admitting in evidence Google searches conducted on his cellular telephone (cell phone); (2) there was insufficient evidence to establish that he illegally possessed the firearms seized; (3) the judge gave an erroneous jury instruction on the elements of constructive possession; (4) the burden of proving firearms licensure was improperly shifted to the defendant; and (5) the defendant did not knowingly and voluntarily waive his right to a jury trial on the habitual offender charge. We affirm the underlying possession convictions but vacate the findings that the defendant is a habitual offender.
1. Google searches. The defendant contends that the judge's admission of expert testimony concerning the defendant's Google searches for a "P19 handgun, 9 millimeter" and "MAC-11" on his cell phone was error. Because this issue is raised for the first time on appeal, we review for error, and if there is error, for a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).
The cell phone belonged to the defendant, and "a jury could [therefore] reasonably infer that it was the defendant who conducted the searches." Commonwealth v. Keown, 478 Mass. 232, 247-248 (2017). "The critical questions are whether the weapons-related evidence is relevant and, if so, whether the probative value of the evidence is substantially outweighed by its prejudicial effect." Commonwealth v. Valentin, 474 Mass. 301, 306 (2016). The measure of prejudice is not whether the evidence simply is adverse to the party against whom it is offered. See Commonwealth v. Crayton, 470 Mass. 228, 249 & n.27 (2014).
Here, the content of the Google searches was clearly relevant. See Commonwealth v. Vera, 88 Mass. App. Ct. 313, 319 (2015). The Commonwealth was obligated to prove actual or constructive possession of the firearms, which were both nine millimeter pistols. The searches demonstrated a contemporaneous interest in and familiarity with firearms similar to the firearms seized from the apartment. The probative value of the evidence was not substantially outweighed by its prejudicial effect. See Commonwealth v. Jaime, 433 Mass. 575, 579 (2001) ("[I]n balancing the probative value against the risk of prejudice, the fact that the evidence goes to a central issue in the case tips the balance in favor of admission"); Commonwealth v. Ridge, 455 Mass. 307, 322-323 (2009) (proper to admit evidence of defendant's familiarity with guns and bullets even though not similar to murder weapon). See also Mass. G. Evid. § 403 (2017). Nor was the evidence so inflammatory as to be unfairly prejudicial. Rather, the evidence of familiarity with firearms of the same caliber as the weapons found was relevant to the defendant's knowledge of and control over the weapons found in the girl friend's bedroom. Contrast Valentin, supra at 307-308 (admission of evidence of defendant's lawful ownership of other weapons irrelevant where defendant admitted ownership of weapon and admitted to being the shooter). There was no error.
2. Sufficiency. The defendant maintains that the judge erred in denying his motion for required findings of not guilty because the evidence at trial was insufficient to satisfy the Commonwealth's burden of proving constructive possession of the firearms. To establish constructive possession, the Commonwealth must prove that the defendant had "knowledge coupled with the ability and intention to exercise dominion and control" over the firearms. Commonwealth v. Sann Than, 442 Mass. 748, 751 (2004), quoting from Commonwealth v. Sespedes, 442 Mass. 95, 99 (2004). A defendant's "knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at the trial." Commonwealth v. Casale, 381 Mass. 167, 173 (1980).
We review the sufficiency of the evidence under the now familiar Latimore standard. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Viewed in the light most favorable to the Commonwealth, there was sufficient evidence to allow a rational trier of fact to infer that elements of knowledge of, and the intention and ability to exercise control over, the firearms, were proven beyond a reasonable doubt.
First, there was evidence that the defendant lived in the apartment. See Commonwealth v. Charlton, 81 Mass. App. Ct. 294, 302-303 (2012) ("A defendant's 'residential status at a premises is a relevant inculpatory factor to be considered ..., since it indicates "more than mere presence" ' " [citation omitted] ). The defendant admitted to three different detectives that he lived in the apartment where the firearms were discovered.[2] Detective Borodawka surveilled the apartment for five days before the search warrant leading to the defendant's arrest was served, and on each of those days between 5:00 a.m. and 6:00 a.m., two vehicles-both registered to the defendant-were in the driveway.
Second, the evidence permitted the jury to find that the defendant stayed in the bedroom where the two loaded high capacity firearms were discovered.[3] See Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 99-100 (2010). In the three-bedroom apartment, one bedroom was empty, one was occupied by a roommate, and one was occupied by the defendant's girl friend. The jury were permitted to infer that the defendant slept in the room with his girl friend, with whom he had a three month old child. An infant's crib was also in the bedroom where the firearms were discovered.[4] See Commonwealth v. Rarick, 23 Mass. App. Ct. 912, 912 (1986) (constructive possession supported by "evidence that the contraband was found in proximity to personal effects of the defendant in areas of the dwelling ... to which other evidence indicates the defendant has a 'particular relationship' "); Commonwealth v. Silvester, 89 Mass. App. Ct. 350, 358 (2016) (baby supplies "indicated that the defendant had a particular relationship" to searched bedroom). The girl friend denied having any knowledge of the firearms. The defendant had an interest in similar firearms, as evidenced by the Google searches. The jury were permitted to credit the girl friend's denial, to infer that the defendant stayed in the bedroom where the firearms were discovered, and to infer that he therefore knew of the guns and had the intention and ability to exercise control over them. See Farnsworth, supra.
3. Jury instruction. The defendant maintains that the judge gave an erroneous jury instruction regarding constructive possession. The defendant did not object to the instruction at trial. We review for error and, if any, for a substantial risk of a miscarriage of justice. Commonwealth v. St. Louis, 473 Mass. 350, 359 (2015).
The instruction in this case accurately conveyed to the jury the meaning of the phrase "constructive possession." The judge instructed the jury,
"A person who ... knowingly has both the power and the intention at any given time to exercise dominion, power, or control over the object, is in constructive possession of the object. Thus, constructive possession means knowledge of the location of an object combined with the ability and intention to exercise dominion and control over it."
The defendant takes issue with the use of the word "power" instead of "ability" in the first sentence of the instruction.
"[W]hen reviewing a judge's instructions to a jury, we do not consider phrases in isolation, but rather '[w]e evaluate the instruction as a whole, looking for the interpretation a reasonable juror would place on the judge's words.' " Commonwealth v. Glacken, 451 Mass. 163, 168-169 (2008), quoting from Commonwealth v. Niemic, 427 Mass. 718, 720 (1998). The second sentence of the instruction here tracked the language of the standard set out in Commonwealth v. Sespedes, with near exactitude. 442 Mass. at 99. When taken as a whole, the jury instruction informed the jury that the "exercise [of] dominion, power, or control" meant the "ability and intention to exercise dominion and control." Ibid.
4. Firearms. The defendant further maintains that the evidence of unlawful possession was insufficient because the Commonwealth failed to present evidence that he was not licensed to own firearms. The Supreme Judicial Court has repeatedly held that licensure is an affirmative defense as to which the defendant bears the burden of proof. See Commonwealth v. Powell, 459 Mass. 572, 582 (2011) ; Commonwealth v. Gouse, 461 Mass. 787, 801-802 (2012) ; Commonwealth v. Jefferson, 461 Mass. 821, 834-835 (2012). To the extent that the defendant argues that this burden shifting violates the Second Amendment to the United States Constitution, the Supreme Judicial Court has rejected that argument. Gouse, supra (upholding constitutionality of statutory presumption set forth in G. L. c. 278, § 7 ); Jefferson, supra (same).
5. Habitual criminal. As the Commonwealth concedes, the defendant's convictions on the habitual offender portions of the indictments must be vacated and remanded for further proceedings as the record does not indicate that he knowingly and voluntarily waived his right to a jury trial on these indictments. See Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 547 (2008).
The underlying convictions on two indictments charging possession of a large capacity weapon are affirmed. The habitual offender judgments are vacated, and the findings are set aside. The matter is remanded for further proceedings consistent with this memorandum and order.
So ordered.
Affirmed in part, vacated in part, and remanded.

When executing the search warrant that led to the defendant's arrest, Detective Borodawka asked the defendant where he lived. In reply the defendant pointed to the apartment and said, "I live there." In addition, the defendant told two other detectives-on separate occasions-that he lived in the apartment. There was countervailing evidence-the girl friend claimed that he did not live there, the defendant was not on the lease, and he offered evidence that he lived elsewhere. However, "[t]he task of assessing the cogency of evidence and resolving conflicting testimony, with rare exceptions not applicable here, is the exclusive province of the jury." Commonwealth v. Ragland, 72 Mass. App. Ct. 815, 832 (2008).

One firearm was hidden under a pillow on the bed, and the other was found in a duffel bag on the floor.

Six children were in the apartment when the warrant was served, ranging in ages from three months old to fifteen years old.